IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**BARBARA FAYE LOVING,**
   Plaintiff,

                 **CASE NO: 3:13-CV-0847-N-BK**

v.

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION A/K/A FANNIE MAE,**
   Defendant.

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Defendant's *Motion to Transfer Case to Hon. Jorge A. Solis* (Doc. 5) and *Motion to Dismiss* (Doc. 6). For the reasons that follow, the undersigned recommends that Defendant's *Motion to Transfer Case to Hon. Jorge A. Solis* (Doc. 5) be **DENIED**, that the *Motion to Dismiss* (Doc. 6) be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE**.

**A. Background**

In February 2013, Plaintiff filed an action against Defendant in the Dallas district court, seeking to prevent her eviction from her home and generally contesting the validity of the December 2010 foreclosure sale of the property. (Doc. 1-2; Doc. 1-4 at 1-2, 4). Plaintiff argued that Defendant did not have the authority to evict her because there was a break in the chain of title between the original mortgage holder, Mortgage Depot, Inc., and Defendant when the Note and Deed of Trust were invalidly assigned by Mortgage Electronic Registration System ("MERS") to Suntrust Mortgage, Inc., which conducted the foreclosure sale. (Doc. 1-4 at 3). She sought an immediate injunction from the eviction proceeding, claiming that she was likely to

prevail on the merits of a *separate* action that she had filed on June 15, 2012.[1] *Id.* at 4. Defendant removed this action to this Court based on diversity jurisdiction. (Doc. 1 at 2). It alleged that Plaintiff is a citizen of Texas, it is a citizen of the District of Columbia, and the amount in controversy exceeds $75,000.00 because Plaintiff challenges Defendant's right to possession of the home, which is currently appraised at $190,350.00. *Id.* at 2-4.

**B.    Applicable Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

**C.    Motion to Dismiss**

Defendant asserts that Plaintiff has not stated a claim because she seeks only injunctive relief, but has not raised an underlying, viable cause of action. (Doc. 6-1 at 10-11). In the alternative, Defendant contends that Plaintiff's case is barred by claim preclusion because she raised the same claims against parties in privity in *Loving v. The Mortgage Depot, et al.*, No.

---

[1] The action in question appears to be the federal case that Plaintiff filed on that date entitled *Loving v. The Mortgage Depot, et al.*, No. 3:12-CV-1862-P. That case was dismissed with prejudice and judgment entered against her on February 6, 2013, the day she filed the operative complaint in this case in state court. *See* Case No. 3:12-CV-1862-P at Doc. 16; Doc. 1-4 at 1.

3:12-CV-1862-P, which this Court dismissed with prejudice. *Id.* at 8, 11-14.

Plaintiff does not directly respond to the procedural arguments that Defendant raises, but instead points to various defects and inconsistencies that she perceives in the MERS assignment of the Note and Deed of Trust. (Doc. 8 at 3-4). Plaintiff then contends that her case is not barred by claim preclusion because she contests the validity of the documents that Defendant relies on to support its position that the MERS assignment was valid. *Id.* at 8. She maintains that she has sufficiently alleged causes of action for quiet title and declaratory relief. *Id.* at 9. In reply, Defendant points out that Plaintiff still has not identified a separate cause of action connected with the instant case apart from her injunction request, nor has she adequately explained how her case is not barred by claim preclusion. (Doc. 9 at 2).

The four elements a plaintiff must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). To show a likelihood of success on the merits of her injunction claim, Plaintiff must first plead a facially meritorious underlying cause of action. This is because, under Texas law, "[a]n injunction is an equitable remedy, not a cause of action" unto itself. *Brown v. KePing Xie*, 260 S.W.3d 118, 122 (Tex.App.– Houston [1st Dist.], 2008). A party thus can secure an injunction only by showing a likelihood of recovery "through a claim or cause of action." *Id.* (quotation omitted). Because Plaintiff has not pleaded any separate cause of action apart from her claim for injunctive relief, her case fails for that reason alone. *See Wildy v. Wells Fargo Bank, N.A.*, 2013 WL 246860, at

*6 (N.D. Tex. 2013) (holding that where no viable claims for relief existed, the plaintiff was not entitled to injunctive relief) (Stickney, M.J.); *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. 2011) (Fitzwater, C.J.) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

To the extent that Plaintiff's request for an injunction is based on her claim that she was likely to prevail on the merits of the *separate* action filed in this Court, that argument also must fail. District Judge Solis dismissed that action with prejudice and entered judgment against Plaintiff in February 2013. *See Loving v. The Mortgage Depot, et al.*, No. 12-CV-1862-P at Doc. 16. Because there is no possibility that allowing Plaintiff to amend her complaint would produce a different result in this case, the Court should dismiss her complaint with prejudice.

**D.    Motion to Transfer Case**

Defendant moves to transfer this case to District Judge Solis because he presided over *Loving v. The Mortgage Depot, et al.*, No. 12-CV-1862-P, and the cases involve substantially the same facts and subject matter. (Doc. 5 at 2-3). Given the recommendation of the undersigned to dismiss the case at this early stage of the proceedings, however, the Court does not believe it would be in the interest of judicial economy to transfer the case. Accordingly, the undersigned recommends that Defendant's *Motion to Transfer Case to Hon. Jorge A. Solis* (Doc. 5) be **DENIED**.

### E. Conclusion

For the reasons set forth above, the undersigned recommends that Defendant's *Motion to Transfer Case to Hon. Jorge A. Solis* (Doc. 5) be **DENIED**, that the *Motion to Dismiss* (Doc. 6) be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 5, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE